Monell, J.
The rent reserved by the lease was the subject of assignment, and passed by the transfer from Lorillard to the plaintiff. Nothing more was intended to pass. Lorillard assigned all his right, title and interest in the lease, which was merely his right to receive the rent. He did not intend, nor did he in terms or in fact, transfer to the plaintiff any interest whatever in the demised estate. He simply set over to the assignee the covenant of his tenant to pay the rent, and with it the right to compel the performance of such covenant, reserving to and retaining in himself not only the estate, but his reversionary interest in it. The assignment of the rent and of the covenant to pay rent was a mere chose in action, and conveyed no interest in the land; and there was, therefore, no privity of estate created by the assignment, between the assignee and the demised premises. There was, however, such a privity of contract as would have enabled the plaintiff, even before the Code, to sue in his own nam'e for a breach of any of the covenants of the lessee. (Willard v. Tillman, 2 Hill, 274.)
Taking no interest in the land, the assignee acquired none of the rights of the landlord, except merely to enforce the performance of the lessee’s covenants by action to recover the rent. He could not enter for breach of such covenants, either by action of ejectment or by summary process'under the statute. He had not the reversion, and none but the reversioner, his heirs or assigns- can re-enter for covenant or condition broken. (2 R. S. 747, § 23. Taylor, L. & T. 138.) Upon a failure to pay rent, the assignee of the covenant to pay can compel its payment by action; but he cannot resort to any measures to regain possession of-the demised premises.
*263 As assignee, therefore, the only rights and remedies of the plaintiff are to receive the rents, and to compel their payment by action upon the covenant to pay.
But it is claimed that, having obtained judgment against the lessor and assignor of the lease upon his guaranty of payment, and having an execution thereon returned unsatisfied, the plaintiff is entitled to have a receiver of the premises, pending the action to set aside the conveyance to Lorillard’s son, and that by him to Lorillard’s wife.
The question as to the validity of these deeds cannot be considered on this motion. The plaintiff, as a judgment creditor of the grantor, is in a condition to assail them; but until they are adjudged to be fraudulent, and therefore void, they must be presumed to be valid, and the possession of the grantee under them cannot be disturbed. If the plaintiff succeeds in invalidating the deeds, his judgment will thereupon attach, and become a lien upon the land. I have never known of extending a receivership to land, the title to which was in controversy. The grantee, failing to sustain his title, may be called to account for the rents and profits while in possession, as upon a recovery in ejectment, but she cannot be deprived of the possession pending the action.
The error of the plaintiff’s counsel consists, I think, in his supposing that the assignee of the lease took, by virtue of the assignment, an interest in the land. If that was so, then the record of the lease and assignment would have rendered the conveyance subject to such interest. But, as has been seen, the assignee took no such interest; and the record of the assignment was, therefore, unnecessary. The assignee can take the rent, but if the tenant refuses to go into or continue in possession, or to pay the rent, the former cannot himself go into possession, nor turn the latter out. Hence it follows, that a receiver cannot be put in possession on the application of a party who not only is not himself entitled to the possession, but who has no interest whatever in the subject sought to be possessed.
The motion must be denied, with $10 costs.